MARK P. WINE (SBN 189897)
mwine@orrick.com
MICHAEL C. CHOW (SBN 273912)
mchow@orrick.com
JAMES MAUNE (SBN 293923)
jmaune@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, California  92614-8255
Telephone:   +1-949-567-6700
Facsimile:    +1-949-567-6710

WILL MELEHANI (SBN 285916)
wmelehani@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
Telephone:   +1-415-773-5577
Facsimile:    +1-415-773-5759

Attorneys for Plaintiff
HANGZHOU CHIC INTELLIGENT
TECHNOLOGY CO., LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> RAZOR USA LLC, <br><br> Defendant. | Case No. 16-CV-03496 <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR PATENT INFRINGEMENT (35 U.S.C. § 271)** |

1       Plaintiff Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic") complains and alleges as following against Defendant Razor USA LLC ("Razor").

## INTRODUCTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101 et seq. Chic owns exclusive rights in the ornamental designs claimed in United States Design Patent No. D737,723 (Exhibit 1, the "'723 patent"), issued on September 1, 2015. The patent covers a design for the personal mobility devices popularly known as "hoverboards."

2. Razor has used and continues to use the claimed designs of the '723 patent, without Chic's permission in connection with hoverboards that Razor makes, uses, offers for sale, sells, and/or imports into the United States.

3. Chic seeks, among other relief, an injunction preventing Razor from further infringing Chic's '723 patent, and damages and/or a disgorgement of Razor's profits from its patent infringement.

## PARTIES

4. Plaintiff Chic is a company organized and existing under the laws of the People's Republic of China with a principal place of business located at 2/F, No. 2 Building, Liangzhu University, Science and Technology Park, No. 1 Jingyi Road, Liangzhu, Hangzhou, 311112, People's Republic of China.

5. Chic is a high-tech company that is supported by Zhejiang University Ministry of Education Computer Aided Product Innovation Design Engineering Center; Zhejiang University International Design; and Zhejiang Key Laboratory of Service Robot. Chic manufactures several products including the Chic Smart S1 hoverboard. Chic has been assigned 70 authorized patents for its hoverboard in different regions such as China, United States, European Union, and Canada.

6. On information and belief, Defendant Razor is a privately-held, limited liability company organized and existing under the laws of Delaware with its

principal place of business at 12723 166th Street, Cerritos, California 90703.

## JURISDICTION

7. Jurisdiction in this Court arises under the patent laws of the United States, Title 35, of United States Code. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over Razor at least because Razor has committed one or more of the infringing acts complained herein in California and in this district, Razor's principal place of business is located in this district, and Razor conducts regular business in California and in this district.

9. Venue in this Court is proper under the provisions of 28 U.S.C. § 1400(b), as Razor has committed acts of patent infringement in this district. Venue is further proper under 28 U.S.C. §§ 1391 (b) and (c) because a substantial part of the claims arose in this district.

## FACTUAL ALLEGATIONS

10. Chic designs, develops, makes and sells a wide array of personal mobility devices, including the Smart S1 hoverboard.

11. The United States Patent and Trademark Office has acknowledged the novel, non-obvious, and ornamental appearance of Chic's hoverboard design by issuing U.S. Patent Nos. D737,723 (Exhibit 1, the "'723 patent") on September 1, 2015.

12. Chic has made sales of hoverboards in the United States through Chic's domestic distributor.

13. Chic takes affirmative steps to protect its innovative hoverboard designs. In particular, Chic owns various United States design patents related to its hoverboards and has also filed utility patent applications for them. Relevant to this dispute, Chic owns all right, title, and interest in, and has the right to sue and recover for past, present, and future infringement of each of the Chic patents from

the date the patent duly and legally issued to Chic.

14. The '723 patent is presumed to be valid.

15. Without Chic's authorization, Razor has made, used, sold, offered to sell, and/or imported into the United States hoverboards having designs that infringe the '723 patent. The infringing hoverboards include at least the Razor products identified by the model names Hovertrax and Hovertrax DLX, and related or similar products (hereinafter "Infringing Hoverboards").

16. The overall appearance of the designs of Chic's '723 patent and the corresponding designs of the Infringing Hoverboards are substantially the same. An ordinary observer, familiar with the prior art in the hoverboard marketplace would perceive the overall appearance of the designs of Chic's '723 patent and the corresponding designs of the Infringing Hoverboards to be substantially the same. Such an ordinary observer would be deceived into believing the Infringing Hoverboards are the same as the designs of Chic's '723 patent.

17. The '723 patent protects several novel, ornamental aspects of Chic's hoverboard design. These ornamental aspects include the fanned line design on the footpad sections, semi-circular markings on the midsection of the board, the rounded rectangular-shaped LED covers, and the semi-enclosed round wheel fender design. These ornamental features are illustrated in Fig. 6 of the '723 patent, reproduced below:



FIG.6

18. The ordinary observer, informed by the relevant prior art, would be misled by Razor's Infringing Hoverboards in believing that Razor was authorized to distribute products that copy the ornamental designed claimed in the '723 patent.

19. Razor's Infringing Hoverboards prominently feature the claimed designs of the '723 patent. For example, Razor's Infringing Hoverboards include the same fanned lines design on the footpad sections of the Infringing Hoverboards, the same markings on the midsection of the Infringing Hoverboards, and the same semi-enclosed round wheel fender design of the '723 patent. Table 1 illustrates Razor's infringement by comparing figures from Chic's '723 patent with exemplary images of the Infringing Hoverboards:

| Table 1: Comparison of '723 patent with Exemplary Infringing Hoverboards ||
|---|---|
| Fig. 6, '723 Patent | Hovertrax Manual p. 4; (http://www.razor.com/bd/wp-content/uploads/sites/28/2016/01/Hovertrax_MAN_US_151124.pdf) (last accessed May 18, 2016) |

- 5 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR PATENT INFRINGEMENT [35 U.S.C. § 271]

OHSUSA:764881950.6

| Fig. 1, '723 Patent | Razor Hovertrax website (http://www.razor.com/products/ride-ons/hovertrax-hover-board/) (last accessed May 18, 2016) |
|---|---|
| Fig. 5, '723 Patent | Razor Hovertrax website (http://www.razor.com/products/ride-ons/hovertrax-hover-board/) (last accessed May 18, 2016) |



20. On information and belief, Razor intentionally copied the designs covered by Chic's '723 patent.

21. On information and belief, Razor sells and offers to sell its Infringing Hoverboards, including the Hovertrax and Hovertrax DLX, directly to end-user customers through its e-commerce website (http://shop.razor.com/Hovertrax-Board/) (last accessed May 19, 2016) as well as to third-party resellers, such as box chain and specialty stores, and through its wholesale distribution channels.

22. Razor sells and offers to sell the Infringing Hoverboards directly to end-user customers in the United States, including California. On information and belief, third-party resellers also sell and offer to sell the Infringing Hoverboards in the United States, including California.

23. Razor has infringed and continues to infringe Chic's '723 patent within the meaning of 35 U.S.C. § 271 at least by making, using, selling, offering to sell, and/or importing the Infringing Hoverboards into the United States without Chic's authorization.

## FIRST CAUSE OF ACTION

**(Infringement under 35 U.S.C. § 271 of the Chic '723 Patent)**

24.   Chic re-alleges and incorporates by reference the allegations set forth in paragraphs 1-23 of this Complaint.

25.   On September 1, 2015, the United States Patent and Trademark Office issued United States Patent, Patent No. US D737,723 S (the "'723 patent") to Chic. At all times since the date of issue of the '723 patent, Chic has been, and currently is, the exclusive owner of the entire right, title and interest in and to the '723 patent. Chic's ownership of the '723 patent includes, without limitation, the exclusive right to enforce the '723 patent, the exclusive right to file actions based on infringement of the '723 patent, the exclusive right to recover damages or other monetary amounts for infringement of the '723 patent and the exclusive right to be awarded injunctive relief pertaining to the '723 patent. Chic has owned the '723 patent at all times during Razor's infringement of the '723 patent.

26.   Razor has been and presently is infringing the '723 patent within this judicial district and elsewhere by making and selling hoverboards that embody the patented invention disclosed in the '723 patent. Razor's infringing hoverboards include, at least, the models identified by Razor as the Hovertrax and the Hovertrax DLX. On information and belief, Razor will continue to manufacture and sell its Hovertrax and Hovertrax DLX hoverboards unless enjoined by this Court.

27.   On information and belief, Razor has had notice of Chic's patent and Chic's allegations of infringement since at least as early as on or around January 8, 2016, when agents of Amazon.com, Inc. relayed Chic's allegations to Razor. Further, Razor has had notice of the '723 patent since at least the filing of this complaint. Razor's continued infringement of the '723 patent is willful.

28.   The general design of the Infringing Hoverboards, specifically including the foot tread design, enclosed wheel fender design, midsection markings,

and LED cover design so closely resembles the designs claimed by the '723 patent that an ordinary observer, informed of the relevant prior art, would be deceived into purchasing the Razor's Hovertrax or Hovertrax DLX hoverboards in the mistaken belief that they were products authorized to bear the design claimed by the '723 patent. Razor's Hovertrax and Hovertrax DLX hoverboards infringe the '723 patent in violation of 35 U.S.C. §§ 271 and 289.

29. Due to Razor's infringement of the '723 patent, Chic has suffered, is suffering, and will continue to suffer irreparable injury for which Chic has no adequate remedy at law, including loss of customers, loss of market-share, price erosion, and loss of customer goodwill. Chic is therefore entitled to a preliminary and permanent injunction against Razor's further infringing conduct.

30. Razor has profited and is profiting from its infringement of the '723 patent and Chic has been and is being damaged and losing profit by such infringement. Chic is therefore entitled to recover damages from Razor and the total profit derived from such infringement, all in an amount to be proven at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Chic prays for relief as follows:

1. A judgment that Razor has infringed and is infringing the '723 patent;

2. An order preliminarily enjoining Razor and all persons and entities acting in concert with Razor, from infringing the '723 patent;

3. An order and judgment permanently enjoining Razor and all persons and entities acting in concert with Razor, from infringing the '723 patent;

4. A judgement and order requiring Razor to pay Chic the total profit made by Razor from its infringement of the '723 patent pursuant to 35 U.S.C. §289, or all damages caused by Razor's infringement of the '723 patent (but in no event less than a reasonable royalty) pursuant to 35 U.S.C. § 284;

5. A judgment and order requiring Razor to pay Chic any profits or

supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

    6.    A judgement and order requiring Razor to pay Chic increased damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

    7.    A judgement and order requiring Razor to pay Chic pre-judgment and post-judgment interest on any damages or profits awarded;

    8.    A determination that this action is an exceptional case pursuant to 35 U.S.C. § 285;

    9.    An award of Chic's attorneys' fees for bringing and prosecuting this action;

    10.    An award of Chic's costs and expenses incurred in bringing and prosecuting this action; and

    11.    Such further and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 28, Chic hereby demands a jury for all issues so triable.

Dated: May 19, 2016

MARK P. WINE
MICHAEL C. CHOW
WILL MELEHANI
JAMES MAUNE
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: /s/ Mark P. Wine
MARK P. WINE
Attorneys for Plaintiff
HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD.