1   MARK P. WINE (SBN 189897)
    mwine@orrick.com
2   XIANG WANG (*pro hac vice*)
    xiangwang@orrick.com
3   MICHAEL C. CHOW (SBN 273912)
    mchow@orrick.com
4   JAMES MAUNE (SBN 293923)
    jmaune@orrick.com
5   ORRICK, HERRINGTON & SUTCLIFFE LLP
    2050 Main Street
6   Suite 1100
    Irvine, California  92614-8255
7   Telephone:  +1-949-567-6700
    Facsimile:    +1-949-567-6710
8
    *Attorney list continued on next page*
9
    Attorneys for Plaintiff and Counterdefendant
10  HANGZHOU CHIC INTELLIGENT
    TECHNOLOGY CO., LTD.
11
                    UNITED STATES DISTRICT COURT
12
                  CENTRAL DISTRICT OF CALIFORNIA
13
                         WESTERN DIVISION
14

15  HANGZHOU CHIC INTELLIGENT          Case No. 2:16-CV-03496-RGK-AJWx
    TECHNOLOGY CO., LTD.,
16                                     Related case:
              Plaintiff,
17                                     Case No. 2:16-CV-06359-RGK-AJWx
         v.
18                                     [PROPOSED] STIPULATED
    RAZOR USA LLC,                     PROTECTIVE ORDER
19
              Defendant
20
    ─────────────────────────────
21  RAZOR USA LLC,

22                 Counterclaimant,

23       v.

24  HANGZHOU CHIC INTELLIGENT
    TECHNOLOGY CO., LTD.,
25
                   Counterdefendant.
26

27

28

OHSUSA:766312704.1

1   WILL MELEHANI (SBN 285916)
    wmelehani@orrick.com
2   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
3   405 Howard Street
    San Francisco, California  94105-2669
4   Telephone:  +1-415-773-5577
    Facsimile:   +1-415-773-5759
5
    YUFENG MA (*pro hac vice*)
6   yma@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
7   47/Floor Park Place
    No. 1601 Nanjing Road West, Shanghai, 200040
8   People's Republic of China
    Telephone:  +86 21 6109 7000
9   Facsimile:   +86 21 6109 7022

10  Attorneys for Plaintiff and Counterdefendant
    HANGZHOU CHIC INTELLIGENT
11  TECHNOLOGY CO., LTD.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INFORMATION SUBJECT TO THIS ORDER

1.      This Protective Order shall apply to all information, documents and things subject to discovery in this Litigation produced either by a party or a non-party in discovery including, without limitation, testimony adduced at any hearing or deposition upon oral examination or upon written questions, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission, or information disclosed pursuant to subpoena under Fed. R. Civ. P. 45 ("Discovery Material").

2.      For the purposes of this Order, "Confidential Information" shall mean proprietary information not generally known to the public that the designating party would not disclose to competitors or third parties within the ordinary course of business.  Discovery Material containing Confidential Information is referred to as "Confidential Material."

3.      Particular examples of Confidential Information include, without limitation, internal engineering, marketing, or financial documents, documents containing information regarded by third parties as confidential; information disclosing customer identity or customer actions, information containing engineering, marketing, or sales information not generally available to the public, information concerning competitive analysis, pending but unpublished patent applications, information concerning research, development and other activities related to unreleased products, license agreements, trade secrets (as defined in Cal. Civil Code § 3426.1), know-how, pricing data, financial data, customer-confidential information, agreements or relationships with non-parties, market projections or forecasts, strategic business plans, information about employees, or other material and other highly confidential technical, research and development, and financial information.

OHSUSA:766312704.1

4. The following is not Confidential Material: (i) material which, on its face, shows or which, through other evidence, the receiving party can show has been published to the general public; (ii) information that the receiving party can show was lawfully in the receiving party's possession prior to being designated as Confidential Material in this litigation and that the receiving party is not otherwise obligated to treat as confidential; (iii) information that the receiving party can show was obtained (without any benefit or use of Confidential Material) from a third party having the right to disclose such information to the receiving party without restriction or obligation of confidentiality; (iv) information which, after its disclosure to a receiving party, is published to the general public by a party having the right to publish such information; (v) information that the receiving party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's Confidential Material; or (vi) information that was submitted to a governmental entity without request for confidential treatment.

## DESIGNATING PROTECTED INFORMATION

5. In determining the scope of information that a party may designate as its Confidential Material, each party acknowledges the importance of client access to information necessary to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Confidential Material and responses to requests to permit further disclosure of Confidential Material shall be made in good faith and not (1) to impose burden or delay on an opposing party or (2) for tactical or other advantage in litigation.

6. The producing party shall label or mark each document and thing that it deems to be Confidential Material with the following designation:

- 2 -

**"CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER"**

7.     The parties acknowledge that a higher level of protection is required for certain Confidential Material as to which CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER designation would not provide adequate protection to the interests of the designating party and whose wrongful dissemination could result in irreparable harm to the designating party.  Such information may be designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" by labeling or marking each such document or thing with the following designation:

**"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"**

Such designations shall be used only for material whose wrongful dissemination could result in irreparable harm to the designating party.

8.     The labeling or marking of a document or tangible thing with the designation "CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall be made when a copy of the document or thing is provided to the receiving party by placing the legend "CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on the face of each such document or thing.

9.     Any such designation that is inadvertently omitted or mis-designated is not a waiver of the producing party's claim of confidentiality over the material and may be corrected by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" as appropriate, and such material shall be subject to this Protective Order as if it had been initially so designated.  If, prior to receiving such notice, the receiving party has disseminated the Confidential

- 3 -

1  Material to individuals not authorized to receive it hereunder, it shall make a
2  reasonable effort to retrieve the Confidential Material or to otherwise assure that the
3  recipient(s) properly mark the Confidential Material and maintain the
4  confidentiality of the Confidential Material.

5      10.   In the case of deposition upon oral examination or written questions,
6  such testimony shall be deemed "CONFIDENTIAL INFORMATION, SUBJECT
7  TO PROTECTIVE ORDER" until the expiration of thirty (30) days after the
8  deposition unless otherwise designated at the time of the deposition or during the
9  thirty (30) day period.  Pages or entire transcripts of testimony given at a deposition
10  or hearing may be designated as containing "CONFIDENTIAL INFORMATION,
11  SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – OUTSIDE
12  ATTORNEYS' EYES ONLY" information by an appropriate statement either at
13  the time of the giving of such testimony or by written notification within thirty (30)
14  days after the deposition.  If the testimony is not otherwise designated at the time of
15  the deposition or during the thirty (30) day period after the deposition, the
16  testimony will not be deemed Confidential Material.

17      11.   In the case of written discovery responses and the information
18  contained therein, the responses may be designated as containing
19  "CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER" or
20  "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information by
21  means of a statement at the conclusion of each response that contains such
22  information specifying the level of designation of the Confidential Information and
23  by placing a legend of the front page of such discovery with the highest level of
24  designation contained in the answers.  Any such designation that is inadvertently
25  omitted or mis-designated is not a waiver of the producing party's claim of
26  confidentiality over the material and may be corrected within thirty (30) days of
27  service of such discovery responses by written notification to counsel for the

28

- 4 -

1   receiving party, and the receiving party shall thereafter mark and treat the materials

2   as "CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER"

3   or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" as appropriate,

4   and such material shall be subject to this Protective Order as if it had been initially

5   so designated.  If, prior to receiving such notice, the receiving party has

6   disseminated the Confidential Material to individuals not authorized to receive it

7   hereunder, it shall make a reasonable effort to retrieve the Confidential Material or

8   to otherwise assure that the recipient(s) properly mark and maintain the

9   confidentiality of the Confidential Material.

10          12.     In the case of Confidential Information not reduced to documentary or

11   tangible form or which cannot be conveniently designated as set forth above, such

12   information may be designated "CONFIDENTIAL INFORMATION, SUBJECT

13   TO PROTECTIVE ORDER" or "CONFIDENTIAL – OUTSIDE ATTORNEYS'

14   EYES ONLY" information by informing the receiving party of the designation in

15   writing either at the time of transfer of such information or within thirty (30) days

16   after the transfer of such information.

17          13.     Any documents or tangible things made available for inspection prior

18   to producing copies of selected items shall initially be deemed "CONFIDENTIAL

19   INFORMATION, SUBJECT TO PROTECTIVE ORDER" unless otherwise

20   designated at the time of inspection and shall be subject to this Protective Order.

21   Thereafter, the producing party shall have a reasonable time to review and

22   designate the documents as set forth in paragraph 8 above prior to furnishing copies

23   to the receiving party.

24

25

26

27

28

- 5 -

OHSUSA:766312704.1

**Disclosing Protected Information Designated**

**CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER**

14.    CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER material and any information contained therein shall be disclosed only to the following persons:

a.    Outside counsel of record in this action for the receiving party, provided such persons agree to be bound by this Protective Order (an appearance by such counsel shall be deemed agreement).

b.    Up to three in-house employees or affiliated outside counsel not of record in this action for the Receiving Party provided such individuals have decision-making responsibility for this litigation, to whom disclosure is reasonably necessary for this litigation.

c.    Employees and agents of such counsel including paralegals, litigation support services, secretarial and clerical staff as well as the following categories of persons provided that such persons have no involvement in addressing any matter regarding the substantive issues in the case: independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; and non-technical jury or trial consulting services provided such individuals agree in writing to be bound by this Protective Order.

d.    The Court, its personnel and stenographic reporters (with such CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER material having been filed under seal or with other suitable precautions as determined by the Court);

- 6 -

OHSUSA:766312704.1

e.      At a deposition, any person who authored or previously received the Confidential Material and, subject to timely objection including objection that such person is not internally authorized to receive such information, any person currently employed by the designating party; and

f.      Any independent expert or consultant, and any employee or assistant under the control of such expert or consultant, who (1) is engaged by counsel of record in this action, whether or not such expert or consultant is paid directly by a party, and (2) is not regularly employed by or associated with a party hereto, other than by the designating party, provided however that disclosure to such persons shall be made only on the conditions set forth in paragraph 16 below.

## Disclosing Protected Information Designated

## CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

15.    To the extent that materials designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" are produced or made available for inspection in this action, the materials shall be made available only to those individuals for the receiving party who are designated under paragraph 14.a and 14.c-f above.

## Limited Outside Disclosure Of Confidential Material

16.    Trial counsel desiring to disclose Confidential Materials of another party to experts or consultants specified in paragraph 14.f above shall first obtain a signed undertaking, in the form of Schedule A attached hereto, from each such expert or consultant, and such counsel shall retain in his/her files the original of each such signed undertaking.  A copy of the signed undertaking shall be forwarded to counsel for the disclosing party with the current curriculum vitae for such expert or consultant, a list of their past, current, and anticipated consulting or other employment relationships, a list of the cases in which they have testified (deposition or trial) within the last four years, and all prior and/or present

- 7 -

1   relationships with the parties in this case.  No Confidential Materials of another
2   party shall be disclosed to such expert or consultant until after the expiration of a
3   seven (7) calendar day period commencing with the service of a copy of the signed
4   undertaking and curriculum vitae.  During that seven (7) day period, the parties may
5   meet and confer to resolve any objections to the disclosure and, if the parties cannot
6   resolve the objection, the objecting party shall be entitled to seek a Court resolution.
7   If after the expiration of the seven (7) day period the objecting party has not sought
8   a Court order preventing disclosure, trial counsel may disclose the confidential
9   information to the expert or consultant identified in the signed undertaking.  A
10  specific exception is made for non-technical jury or trial consultants and mock jury
11  members, from whom signed Schedule A forms must be retained by employing
12  counsel, but no documentation concerning these parties need be communicated with
13  the Court or opposing counsel, nor does the seven (7) day waiting period apply.

14       17.     The restrictions on the use of Confidential Materials established by
15  this Protective Order are applicable only to the use of information received by a
16  party from another party or from a non-party.  A party is free to use its own
17  information as it pleases.

18       18.     Any party may file or lodge with the Court documents or tangible
19  items designated as CONFIDENTIAL INFORMATION, SUBJECT TO
20  PROTECTIVE ORDER or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES
21  ONLY.  Any briefs, transcripts, exhibits, depositions, or documents which are filed
22  with the Court which comprise, embody, summarize, discuss, or quote from
23  documents or tangible things designated as CONFIDENTIAL INFORMATION,
24  SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – OUTSIDE
25  ATTORNEYS' EYES ONLY material shall be sealed to the extent permitted by
26  and in accordance with Local Rule 79-5.  Where reasonably practicable, only the
27
28

portions of documents consisting of such items or information shall be lodged under seal.

19.     The acceptance by a party of documents designated as CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall not constitute an agreement, admission or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Fed. R. Civ. P. 26(c), or some other basis.  Documents designated CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall be treated in accordance with the provisions of this Protective Order, except that any party may at any time seek an Order from the Court determining that specified information or categories of information are not properly designated as CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.  Before making such a motion, the parties shall meet and confer in good faith to resolve any differences over the designation.  In response to the filing of such a motion, the party asserting confidentiality shall have the burden of proving that the Confidential Material in question is protectable under Fed. R. Civ. P. 26(c) or some other basis, or, as the case may be, that the designation of CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY is necessary under the circumstances.  A party shall not be obligated to challenge the propriety of a designation of Confidential Material at the time made, and failure to do so shall not preclude subsequent challenge.  Should any party (or non-party) seek an Order from the Court to determine whether specified information or categories of information are not properly designated as CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

- 9 -

ONLY, the claimed designation shall remain operative and respected by all the parties and non-parties pending the Court's ruling.

20.    Nothing in this Protective Order shall require disclosure of material that a party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or any other applicable privilege or protection (*e.g.*, common interest, joint defense).  This shall not preclude any party from moving the Court for an Order directing the disclosure of such material.

21.    Production or disclosure of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, or a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege.  A producing party may notify the receiving party in writing that produced documents or information are subject to the attorney-client privilege, work product immunity, or any other applicable privilege despite that such documents were produced.  Within five (5) business days of this notice, the receiving party shall return or destroy all such documents or information and all copies thereof, including those that have been shared with experts, consultants, and vendors, and confirm in writing that all such documents or information have been returned or destroyed.  In the absence of a court order ordering production of the returned documents, no use shall be made of such documents during depositions, through motion practice, or at trial.  In the case of such returned production, the producing party shall provide a privilege log identifying such documents or information within ten (10) business days of its original notice to the receiving party.  The receiving party may move the Court for an Order compelling production of any such documents or information in accordance with the Federal Rules of Civil Procedure.  That motion shall not argue that the fact of the earlier production was a waiver of confidentiality nor shall the motion disclose or otherwise use the content

- 10 -

of the previously produced and returned documents or information except to disprove a claim of privilege or work product immunity.  Any portion of the motion that discloses or uses the content of the previously produced and returned documents or information to disprove a claim of privilege or work product immunity shall be redacted from the public record and filed *in camera*.

22.    In the event of any accidental or inadvertent disclosure of Confidential Material other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential Material from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential Material in any form. Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

23.    In addition to the specific requirements set forth in paragraph 15 hereof regarding the handling of CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY materials, the recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by the recipient with respect to its own Confidential Material and to confidential information of a similar nature, but in no event less than due care.  Each recipient of any Confidential Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

24.    This Protective Order shall not prevent the parties from applying to the Court for relief therefrom or modification thereto, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing between themselves to modifications of this Protective Order.

- 11 -

25.     Confidential Material shall be used solely for the purposes of this Litigation and shall not be used for any other purpose except as expressly provided herein or by further Order of the Court.  Those persons subject to this Order, including Outside Counsel, shall exercise reasonable care to ensure that information protected under this Order is used only for the purposes specified herein, and disclosed only to authorized persons.

26.     In the event that a party desires to provide access to or disseminate Confidential Materials to any person not entitled to access under this Protective Order, it may move the Court for an order that such person be given access thereto if the parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

27.     Within thirty (30) days after the final conclusion of this Litigation ("Termination of Litigation"), including any appeals, all Confidential Materials produced by any party, and all copies of such information, shall be returned to the producing party, or counsel of record shall certify in writing that such material has been destroyed.  Counsel of record may retain a copy of all correspondence, pleadings, motion papers, discovery responses, expert reports, deposition, hearing, and trial transcripts, legal memoranda, work product and any document that has been filed with the Court under seal, and exhibits to all of the foregoing. Notwithstanding this provision, no party shall be required to return or destroy any Confidential Materials that may exist on any disaster recovery backup system.  Any such archival and/or backup copies of Confidential Materials shall remain subject to the provisions of this Order.

28.     This Protective Order shall survive the final termination of this Litigation with respect to any retained Confidential Materials.

29.     Nothing in this Protective Order shall prevent or otherwise restrict outside counsel from rendering advice to their clients and, in the course thereof,

OHSUSA:766312704.1

1  relying generally on Confidential Material; provided, however, that in rendering

2  such advice counsel shall not disclose, reveal or describe any such materials except

3  insofar as allowed (if allowed at all) under the terms of this Order.

4       30.    If a party wishes to use Confidential Material at the examination by

5  deposition of any witness not entitled to have access to such Confidential Material,

6  such Party shall obtain the consent of the producing party, in advance, and the

7  failure of the examining attorney to obtain such consent or order of the Court shall

8  not be grounds for delaying the deposition.  Where Confidential Material may be

9  revealed or referred to in a question that will be put to the witness at a deposition

10  upon oral examination or Confidential Material will be used as exhibits during the

11  examination, the producing party may require that all persons in attendance who are

12  not entitled access to such Confidential Material under this Protective Order leave

13  the room until such line of inquiry is completed.  Where Confidential Material may

14  be revealed or referred to in a question that will be put to the witness at trial upon

15  oral examination or Confidential Materials will be used as exhibits during the

16  examination, the producing party may request that the Court require that all persons

17  in attendance who are not entitled access to such Confidential Material under this

18  Protective Order leave the courtroom until such line of inquiry is completed.

19       31.    No copy of any transcript of any deposition which is designated, in

20  part or in whole, as CONFIDENTIAL INFORMATION, SUBJECT TO

21  PROTECTIVE ORDER or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

22  ONLY shall be furnished by the court reporter to any person other than to counsel

23  of record and counsel for a non-party, if the furnished transcript is of the non-

24  party's own deposition.  The original of any transcript of any deposition designated

25  as CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER or

26  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, if required to be

27

28

OHSUSA:766312704.1

1  filed, shall be filed with the Court under seal in accordance with paragraph 21

2  hereof, unless otherwise agreed by the producing party.

3      32.    The terms of this Protective Order may be applied to the Confidential

4  Material of a non-party, as long as that non-party agrees in writing to be bound by

5  the terms of this Protective Order.

6      33.    If Confidential Material in the possession, custody, or control of any

7  receiving party is sought by subpoena, request for production of documents,

8  interrogatories, or any other form of discovery request or compulsory process, the

9  receiving party to whom the discovery request or compulsory process is directed

10 shall within five (5) business days after receipt thereof give written notice by

11 electronic mail of such discovery request or compulsory process to the producing

12 party, and provide the producing party with a copy of the discovery request or

13 compulsory process.  The receiving party may not produce the requested

14 Confidential Material absent the written consent of the producing party or further

15 order of this Court.

16     34.    Absent written consent from the producing party, any individual who

17 receives access to CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

18 information shall not be involved in the prosecution of patents or patent

19 applications relating to the subject matter of this action, including without

20 limitation the patents asserted in this action and any patent or application claiming

21 priority to or otherwise related to the patents asserted in this action, before any

22 foreign or domestic agency, including the United States Patent and Trademark

23 Office. For purposes of this paragraph, "prosecution" includes directly or indirectly

24 drafting, amending, advising, or otherwise affecting the scope or maintenance of

25 patent claims.[1] To avoid any doubt, "prosecution" as used in this paragraph does

26 not include representing a party challenging a patent before a domestic or foreign

27 _____

[1] Prosecution includes, for example, original prosecution, reissue and reexamination

28 proceedings.

- 14 -

1   agency (including, but not limited to, a reissue protest, *ex parte* reexamination or

2   *inter partes* reexamination). This prosecution bar shall begin when access to

3   CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information is first

4   received by the affected individual and shall end two (2) years after final

5   termination of this action.

6   Dated:  January 17, 2017                MARK P. WINE
                                            XIANG WANG
7                                           YUFENG MA
                                            MICHAEL C. CHOW
8                                           WILL MELEHANI
                                            JAMES MAUNE
9                                           ORRICK, HERRINGTON &
                                            SUTCLIFFE LLP
10

11
                                            By:_____/s/ Mark P. Wine_____
12                                                   MARK P. WINE
                                                 Attorneys for Plaintiff
13                                          HANGZHOU CHIC INTELLIGENT
                                                 TECHNOLOGY CO., LTD.
14

15   Dated:  January 17, 2017                BRUCE A. WESSEL
                                             DAVID McPHIE
16                                           ADAM SHAPIRO

17

18                                           By:_____/s/ Bruce A. Wessel_____
                                                    BRUCE A. WESSEL
19                                                Attorneys for Plaintiff
                                                   RAZOR USA LLC
20

21

22   SO ORDERED:

23

24   Dated: January 13, 2017
                                             _____
25                                           Hon. ANDREW J. WISTRICH
                                             United States Magistrate Judge
26

27

28

                                            - 15 -

OHSUSA:766312704.1

Schedule A

By my signature, I hereby acknowledge that I have read the Stipulated Protective Order, dated _____ (the "Protective Order") entered in *Hangzhou Chic Intelligent Technology Co., Ltd.,* Case No. 2:16-cv-03496-RGK-AJW pending in the United States District Court for the Central District of California and hereby agree to be bound by the terms thereof. I further agree that to the extent that my employees are provided with "Confidential" Litigation Materials, I will instruct such employees regarding the terms of the Protective Order.  I further agree to subject myself to the jurisdiction of the United States District Court for the Central District of California with respect to all matters relating to compliance of the Protective Order.

Dated: _____          _____
                                                                    Signature


_____
Printed Name

- 16 -